# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **DENNIS DIXON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 10 C 5897 |
| | ) | |
| **CITY OF CHICAGO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Officer Michael Butler's (Butler) and Defendant Officer Collis Underwood's (Underwood) motion for a new trial. For the reasons stated below, the motion for a new trial is denied.

## BACKGROUND

On September 18, 2008, Dixon was arrested by Defendant Officer Michael Butler (Butler) and Defendant Officer Collis Underwood (Underwood). Dixon alleged in his complaint that Butler and Underwood used excessive force during the arrest and brought claims against Defendants pursuant to 42 U.S.C. § 1983 for alleged constitutional violations. Dixon also brought indemnification claims against the City of Chicago (City). A jury trial was held in this case and the jury found in

1

favor of Butler against Dixon, and in favor of Dixon against Underwood. The City and Underwood (collectively referred to as "Moving Defendants") now move for a new trial pursuant to Federal Rule of Civil Procedure 59(a) (Rule 59(a)).

**LEGAL STANDARD**

Pursuant to 59(a), after a jury returns its verdict, the losing party can move for a new trial. Fed. R. Civ. P. 59(a). Rule 59(a) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues - -and to any party- - . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court. . . ." Fed. R. Civ. P. 59(a). A court can order a new trial pursuant to Rule 59(a) "if the jury's verdict is against the manifest weight of the evidence, . . . or if for other reasons the trial was not fair to the moving party." *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012)(internal quotations omitted)(quoting *Marcus & Millichap Inv. Servs. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011)); *see also id.* (stating that "[a] verdict will be set aside as contrary to the manifest weight of the evidence only if no rational jury could have rendered the verdict" and that "[j]ury verdicts deserve particular deference in cases with simple issues but highly disputed facts")(internal quotations omitted)(quoting *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 427 (7th Cir. 2008)).

**DISCUSSION**

Moving Defendants contend that the court erred: (1) by allowing Dixon to

2

testify that he battered Underwood with legal justification, and (2) by refusing to give a requested jury instruction .

I.  Testimony by Dixon

Moving Defendants argue that the court improperly allowed Dixon to testify that he battered Underwood with legal justification, which drew into question Dixon's prior battery conviction.  A Section 1983 claim is "barred if it 'necessarily impl[ies] the invalidity of [a] conviction.'"  *Viramontes v. City of Chicago*, 840 F.3d 423, 426 (7th Cir. 2016)(quoting *Heck v. Humphrey*, 512 U.S. 477 (1994)); *see also Rollins v. Willett*, 770 F.3d 575, 576 (7th Cir. 2014)(stating that "a section 1983 suit can't be brought if a judgment in favor of the plaintiff would imply that his conviction in a prior proceeding had been invalid").  Moving Defendants contend that although Dixon pled guilty to the battery of Underwood in state court, Dixon testified at trial in this case that he bit Underwood in self defense.  Moving Defendants argue that the admission of guilt for the battery necessarily foreclosed any subsequent legal justification such as acting in self defense.  Moving Defendants argue that the court should have barred Dixon from testifying in a manner that was inconsistent with his battery conviction.

A.  Waiver

Dixon argues that Moving Defendants waived the *Heck* argument.  Moving Defendants never pleaded *Heck* as an affirmative defense in this matter and although

they filed extensive written motions in limine in this case, they never raised the *Heck* issue in such motions. Moving Defendants made general oral references to *Heck* at the pretrial conference but failed to adequately articulate the position that they now take or present the court with legal authority to support their position. Moving Defendants thus failed to properly present the *Heck* argument to the court and the argument has been waived.

### B. *Heck* Violation

Dixon argues that even if Moving Defendants did not waive the *Heck* argument, Dixon's testimony did not violate *Heck*. At trial Dixon testified that he bit Underwood while Underwood had Dixon in a choke hold. (TR 506). However, Dixon admitted at trial that he pled guilty to battery in regard to that bite, thus acknowledging to the jury that he did not have legal justification for that conduct. (TR 529). Dixon further testified at trial that after he bit Underwood, Underwood said "this MF-er bit me." (TR 507). Underwood then allegedly proceeded to pull out his metal baton and started to beat Dixon with it. (TR 507). There was sufficient evidence at trial presented that would have allowed the jury to conclude that Dixon committed battery upon Underwood and that Underwood then, in retaliation, proceeded to use the metal baton and use excessive force upon Dixon. The Seventh Circuit has made clear that a conviction for battery upon an arresting officer does not necessitate a finding that the officer used reasonable force during the arrest. *See Viramontes*, 840 F.3d at 427 (explaining that in *Gilbert v. Cook*, 512 F.3d 899 (7th

Cir. 2008) the Court "held that a plaintiff's conviction for assaulting a police officer does not necessarily imply that the officer used appropriate force during the course of arrest after the assault"). In this case, the bite by Dixon and the subsequent beating with the metal baton are separate and distinct factual issues. Thus, a judgment in this action would not imply that Dixon's criminal conviction is invalid.

II. Jury Instruction

Moving Defendants argue that the court should have instructed the jury that Dixon committed battery and that any testimony to the contrary must be ignored. This court rejected such an instruction at the jury instruction conference. As the court indicated, such an instruction would simply have highlighted certain testimony and placed an emphasis on certain evidence and would have unfairly favored the defense. Nor was such an instruction necessary since Dixon admitted at trial that he committed a battery, and he testified that the severe beating with the baton that was the focus of his excessive force claim occurred after he committed the battery. Dixon would have been unfairly prejudiced by the proposed instruction and Moving Defendants have not shown that the court erred in declining to provide such an instruction.

Moving Defendants cite *Gilbert v. Cook*, 512 F.3d 899 (7th Cir. 2008) in support of their position. However, as indicated above, in *Gilbert*, the court held that a claim for excessive force may be dealt with apart and separate from issues relating to an assault on an arresting officer. *Id.* at 902. The Court in *Gilbert*

held that "*Heck* and *Edwards* do not affect litigation about what happens after the crime is completed." *Id.* That is what the facts were in this case. It was after the bite and battery upon Underwood that Dixon contends Underwood took out the metal baton and beat him with it.

Also, in *Gilbert*, the plaintiff was accused with punching a prison guard and he denied that he punched the guard. *Id.* at 900. The Seventh Circuit stated that had the plaintiff "been willing to concede that he had punched a guard, he would have had clear sailing." *Id.* at 901. In the instant action, Dixon never denied biting Underwood, which was the basis for the battery conviction. Dixon did testify in this case regarding to his recollection of the events during his arrest and made certain references to being choked, but he did not state that he had a right to bite Underwood in self defense. The alleged excessive force in the form of the beating with the baton occurred after and separate from the biting and the excessive force claim does not call into question the battery conviction.

In addition, when Dixon was confronted on the witness stand in this case during cross-examination, any prejudice to Moving Defendants or confusion, if any, by the jury was cured. Dixon was shown a transcript of the plea hearing in his criminal matter and was asked by defense counsel the following: "Were you asked a question at that criminal proceeding by the judge as to whether or not you pleaded guilty to battering Collis Underwood *without legal justification or provocation* on September 18th, 2008, were you asked that question by the judge." (TR 529)(emphasis added). After one incomplete response by Dixon, defense counsel

was ultimately able to get Dixon to respond that he did plead guilty to battery. (TR 529). Dixon then admitted: "Yes. What's on that paper is true, on that paper you just gave to me." (TR 529). Thus, evidence was introduced by the defense to the jury that showed that Dixon admitted that he did not have legal justification for biting Underwood.

In addition, as Dixon correctly points out, the crux of Moving Defendants' position in the motion for a new trial is that Dixon should not have been allowed to testify that he had legal justification for biting Underwood. Moving Defendants' proposed instruction merely would have instructed the jury that Dixon committed a battery, which he already admitted at trial. Moving Defendants' proposed instruction stated nothing in regard to Dixon's legal justification for his actions. (TR 583). Thus, Moving Defendants have waived any such argument relating to an instruction that was not properly raised at trial. Based on the above, Moving Defendants' motion for a new trial is denied.

## CONCLUSION

Based on the foregoing analysis, Moving Defendants' motion for a new trial is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 20, 2017